# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 24-0321V

| | |
|---|---|
| SAMANTHA SCHNEIDER,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 10, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On February 29, 2024, Samantha Schneider filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on October 19, 2022. Petition, ECF No. 1. On March 21, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 29.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $21,962.94 (representing $20,165.70 in fees plus $1,797.24 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 18, 2025, ECF No. 35. Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 34.

Respondent reacted to the motion on August 20, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent also indicated that Petitioner's billing records reflect certain tasks that have been improperly billed at the attorney's rate. Motion at 2-4, ECF No. 36. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested herein are reasonable and consistent with prior determinations and shall therefore be awarded. However, I find a minor reduction in the amount of fees to be awarded appropriate for the reason stated below.

The billing records reveal that some of the tasks performed by Ms. McCullough in this matter are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed work, they must be charged at a reduced rate comparable to that of a paralegal. Accordingly, I hereby apply the reduced rate of $197.00 for paralegal work performed by Ms. McCullough in 2024. **Application of the foregoing reduces the amount of fees to be awarded by $284.80.**[4]

---

[3] Entries considered paralegal in nature include drafting basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statement of completion, cover sheet, and requests for medical records. See billing entries dated: 2/29/24 (two entries): "Prepare notice of filing and Petitioner's exhibit list." 3/29/24 (two entries) regarding exhibit list and notice of filing; 4/12/24 (two entries) regarding notice of filing and statement of completion; 7/23/24 (two entries) regarding updated exhibit list and notice of filing; 11/19/24: "Prepare notice of filing exhibits 14-15." These entries reflect a combined total of 1.60 hours of paralegal tasks improperly billed at the attorney's rate. See ECF No. 35 at 7-9.

[4] This amount consists of ($375.00 - $197.00 = $178.00 x 1.60 hours) = $284.80.

2

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 35 at 13-32. Respondent offered no specific objection regarding the costs. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $21,678.14 (representing $19,880.90 in fees plus $1,797.24 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.